## McCord vs. Sylvester and another.

CONSTITUTIONAL LAW. (1) *Diversion of a stream of water, for hydraulic purposes.*

AWARD OF DAMAGES. *Private property taken for public use.* (2) *Whether a conditional or contingent award valid.* (3) *Award void for uncertainty.*

CAUSE OF ACTION. (4) *For diversion of stream of water.*

1. Whether the legislature can authorize the diversion of a stream of water for hydraulic purposes, as against persons through whose lands such stream naturally flows, is not here decided.

2. Whether commissioners appointed to appraise damages or determine the compensation for private property taken for public use, may, without special legislative authority, make a *conditional* award, or one contingent upon the happening of future events or the subsequent performance of certain acts by the parties, *quære. Thompson v. Railway Co.* and *Price v. Railway Co.* (27 Wis., 93, 98), considered.

3. Plaintiff claimed damages for the diversion of a certain creek from his premises by defendants (who proceeded under ch. 183, P. & L. Laws of 1866), and the commissioners appointed in pursuance of the statute determined that he was not entitled to any damages, " provided sufficient water shall be suffered to flow in the channel of said creek for ordinary and necessary farm purposes." *Held*, that the award, if otherwise valid, was void for *uncertainty*, the amount of water to which plaintiff should be entitled not being properly determined.

4. The award being void, plaintiff was entitled to recover damages in an action on the case for the diversion of the stream from his land.

APPEAL from the Circuit Court for *Grant* County.

Action for damages for a diversion by defendants of a stream of water from plaintiff's land. A statement of the case will be found in the opinion. The plaintiff had a verdict; and the court, after refusing a new trial, rendered judgment in accordance with the verdict; from which the defendants appealed.

*Wm. C. Carter* (with whom was *M. M. Cothren*), for appellant, argued that it is settled by repeated decisions of this court that grist mills, like railroads, are so far public in their character that the right of eminent domain may be exercised in their favor (*Newell v. Smith*, 15 Wis., 104; *Pratt v. Brown*, 3 id., 603; *Thien v. Voegtlander*, id., 461; *Fisher v. Horicon Iron Manf. Co.*, 10 id., 351); and that there is no difference between the injuries to lands *above* and lands *below* the mill dam, which can affect the question of legislative power. *B. & R. Mill Dam Co. v. Newman*, 12 Pick., 467; 99 Mass., 574; *Gardner v. Newburgh*, 2 Johns. Ch., 162; 15 Md., 240; 34 id., 79.

*Barber & Clementson*, for respondent, as to the right of action in case the act of the legislature purporting to authorize the diversion of the the stream was invalid, cited 2 Washb. R. P. (2d ed.), 63; *Mohr v. Gault*, 10 Wis., 518; *Merrifield v. Lombard*, 13 Allen, 17; *Cowles v. Kidder*, 4 Fost., 364; 1 McCarter (N. J.), 335; Angell on W. C., 96–99; *Parker v. Griswold*, 17 Conn., 288; *Davis v. Fuller*, 12 Vt., 178; *Clinton v. Myers*, 46 N. Y., 511; *Whipple v. Cumberland Manf. Co.*, 2 Story, 661, *Tillotson v. Smith*, 32 N. H., 90; *Chatfield v. Wilson*, 27 Vt., 670; Sedgw. on Dam., 147, 148; *McCord v. High*, 24 Iowa, 336. 2. They argued that ch. 183, P. & L. Laws of 1866, was invalid, in so far as it attempts to confer on the *Sylvesters* a right to divert the water from plaintiff, taking his property without his consent for the benefit of private persons (*Osborn v. Hart*, 24 Wis., 92; Cooley's Cons. Lim., 530; Angell on W. C., 467); and that the principle upon which the mill dam acts have been sustained, in cases of flowage, do not apply (*Fiske v. Framingham Manf. Co.*, 12 Pick., 68; *Bates v. Weymouth Iron*

*Co.*, 8 Cush., 548; *Newcomb v. Smith*, 1 Chand., 78); or that, at any rate, this act attempts to extend the principle and enlarge the scope of the decisions sustaining the mill dam act, and has met in advance with the disapprobation of this court. 15 Wis., 104, 105; 10 id., 353; 12 id., 221. 3. If the act be valid, yet the defendants have not complied with its requirements, and the plaintiff may bring his common law action. *Loop v. Chamberlain*, 20 Wis., 135; *Thien v. Voegtlander*, 3 id, 461; *Lyon v. Jerome*, 26 Wend., 485; *Cushman v. Smith*, 34 Me., 247; Cooley's Cons. Lim., 564, 528.

DIXON, C. J. The facts of this case are accurately and sufficiently stated in the charge of the circuit judge to the jury, as follows:

"This is an action against the defendants to recover damages resulting from directing the stream of Crooked Creek off and from the southeast quarter southwest quarter of section 34, town 8, range 3, which land was the homestead of plaintiff."

"It appears that Crooked Creek formerly flowed unobstructed through plaintiff's land. In December, 1867, the defendants built a dam in said stream above plaintiff's land, and opened a canal communicating with the stream above the dam, by which means most of the water usually flowing in the stream was led off through the canal along the Main street of the village of Boscobel to a mill of the defendants, and discharging its water into Saunder's Creek at a considerable distance from the plaintiff's land. The diversion began in consequence of the erection of the dam. When the water, and how much of it, and for what portion of the time, it flowed through the mill race, you must determine from the evidence. This action was commenced the 5th of August, 1869. You will only inquire into what damage or injury, if any, the plaintiff has suffered up to that time, as developed by the evidence. The damage consisted in the inconvenience and labor imposed on the plaintiff in watering his stock and procuring water for domestic purposes, which

McCord vs. Sylvester and another.

the evidence may show the plaintiff would have been relieved from, had the stream continued to flow unobstructed through the plaintiff's land. There is evidence to show that the banks of the stream were injured or broken down; to what extent, and from what cause, and when this occurred, and the damage suffered by the plaintiff therefrom up to the date of this action, you will determine from the evidence."

The defendants justified the diversion of the water, and claimed and insisted that no action could be maintained against them therefor, because the dam was built and the water diverted and carried off under and in pursuance of special authority for that purpose granted and conferred upon them by act of the legislature passed and approved March 26, 1866. Private and Local Laws of 1866, ch. 183. They claimed to have acquired the right to do so without liability over to the plaintiff for damages, or in an action brought by him, by reason of certain proceedings taken by them under the fourth section of the statute, which enacted in these words: "In case the said D. R. Sylvester and his associates cannot agree with the owner or owners of lands as to the amount of damage to be paid any such owner, the same shall be assessed by three commissioners appointed by a judge of the circuit court, on application of either party; provided, that the decision of such commissioners may be reviewed by an appeal to the circuit court, in such time and manner, as near as may be, as a judgment of a justice of the peace may be reviewed by a new trial in said court."

Unable to agree with the plaintiff, as well as some other owners of lands bordering upon and through which the creek flowed, the defendants made application for the appointment of commissioners to assess the damages, and the same were appointed, who, among others, assessed and awarded damages to the plaintiff as follows: "To *Walker McCord*, or the owner of S. E. 1-4 of S. W. 1-4 and N. E. 1-4 of S. W. 1-4, sec. 34, town 8, range 3 west, they awarded no damages for the turning and using of the waters of said Crooked Creek, *provided sufficient*

*water shall be suffered to flow in the channel of said creek for ordinary and necessary farm purposes.*" The plaintiff appeared before the commissioners, contesting and denying their authority to proceed, and also claiming large pecuniary damages. No appeal was taken from the award of the commissioners.

The case turned in the court below wholly upon the question of the constitutionality of the above mentioned act of the legislature; the defendants insisting upon its validity, but the court holding it inoperative and void.  The defendants asked but a single instruction, which the court refused to give, and which was in these words: "The effect of the statute under which the water was taken by the defendants takes away the right which the land owner, the plaintiff, otherwise had of maintaining this form of action. His remedy is confined to the one prescribed by the statute, which is substituted for the action on the case." The court charged that the act was unconstitutional and void, *because the legislature could not authorize the diversion of a stream of water for hydraulic purposes,* and directed the jury to return a verdict for such damages as they should find the plaintiff had sustained.

The constitutional question, which was elaborately argued in this court, will not be considered.  It becomes unnecessary to do so, since, assuming the validity of the statute, the court is still of opinion that the assessment and award of the commissioners is fatally defective and void, and affords no protection or authority whatever to the defendants for the acts done by them and of which the plaintiff complains.

The award of the commissioners is defective and void because it settles and determines nothing respecting the rights and liabilities of the parties.  It leaves everything open to future litigation and controversy.  It fixes no rule or standard by which compliance with its conditions may be determined — establishes no means for ascertaining, with any definiteness or certainty, when those conditions have been violated or broken.  It does not decide that any given quantity of water, if

suffered to flow in the channel of the creek, will be sufficient for ordinary and necessary farm purposes, and that the owners of the dam, and their associates and successors and assigns, shall at all times permit that amount or volume to flow through and along the natural bed of the stream below the dam. It does not fix and establish at or in the dam the location or dimensions of a water pipe or gate through which a certain and invariable quantity of water shall always be permitted to pass off down the channel of the creek. In fine, it fixes nothing, except that the parties in interest may or must have a lawsuit whenever the slightest question arises between them. It leaves the land owner wholly at the mercy of the owners of the dam, and virtually says to him that he must sue for and vindicate his rights whenever the owners of the dam, capriciously or otherwise, see fit to withhold or deny them. It is obvious that the right of eminent domain can never be exercised in any such partial and unjust way as this, and that the "just compensation" secured by the constitution can never be made by giving to the owner of the property taken or injured, and to his heirs and assigns, an endless inheritance of lawsuits and trouble. The award of commissioners in such a case must be definite and certain, and such as to fix beyond doubt or question the rights and obligations of the parties. If the land owner is to be deprived of pecuniary compensation by reason of some benefit to be gained by him in the future, then such benefit must, so far as human wisdom and foresight can go, be secured to him absolutely and without any unnecessary qualification or uncertainty. Every precautionary measure of the kind to insure the fullest and most uninterrupted future use and enjoyment, should be adopted in order to satisfy the constitutional demand for just compensation, if in truth the demand can be satisfied in that way.

The question whether commissioners appointed to appraise damages or determine compensation for private property taken for public use, may, without special legislative authority, make

a conditional award, or one contingent or dependent upon the happening of future events or the subsequent performance of certain acts or stipulations by the parties, is one not free from doubt or difficulty. A somewhat similar question was under consideration before this court in *Thompson v. Railway Co.*, 27 Wis., 93, and *Price v. Railway Co.*, id., 98; and the authority of those decisions, so far as they go, seems to be against the position that the commissioners may do so. But the question there presented was not in all respects analogous to the one here involved, or which would have been, had the commissioners made an award of the kind above indicated; and we forbear, therefore, to express any opinion as to what are or may be the powers of the commissioners, when properly exercised under the act.

*By the Court.*— Judgment affirmed.